UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-09557-MWF (SKx)**                    **Date:  July 16, 2025**
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                              Court Reporter:
          Rita Sanchez                               Not Reported

          Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
          None Present                               None Present

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [19]

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendant 9199-4467 Quebec Inc. on April 10, 2025.  (Docket No. 19).  Plaintiff Marat Martirosyan filed an Opposition on May 23, 2025.  (Docket No. 21).  Defendant filed a Reply on June 2, 2025.  (Docket No. 22).

The Court has read and considered the papers on the Motion and held a hearing on **June 23, 2025**.

The Motion is **GRANTED** *in part*.  Plaintiff's unfair competition false advertising claims survive because the Court cannot rule as a matter of law at the pleadings stage that a reasonable consumer would not be misled by the "Plant-based" representation based on binding and indistinguishable Ninth Circuit precedent. Plaintiff's claim for breach of express warranty also survives because, although Plaintiff lacks privity, this claim falls under the warranty exception to the lack of privity.  Plaintiff's claims for breach of implied warranty and written warranty are dismissed because Plaintiff has not adequately stated these claims.  Plaintiff's claim for unjust enrichment survives at the pleadings stage because Plaintiff has sufficiently pled this claim.  Finally, Plaintiff's request for punitive damages is dismissed because Plaintiff fails to provide sufficient allegations to infer malice, oppression, or fraud on Defendant's part; however, Plaintiff may be granted leave to amend if discovery indicates that Plaintiff can put forward nonconclusory allegations in furtherance of a request for punitive damages.

_____

**CIVIL MINUTES—GENERAL**                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                        Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

## I.    BACKGROUND

Plaintiff filed the Complaint in this putative class action on November 5, 2024. (Docket No. 1).  After Defendant filed a Motion to Dismiss on March 14, 2025 (Docket No. 15), but before the matter was heard, Plaintiff filed the First Amended Complaint ("FAC"), on March 27, 2025 (Docket No. 17).

Plaintiff is a California citizen who purchased a package of Earth Rated "Plant-based" dog wipes (the "Product") from a Petco location in Los Angeles, California in July 2024.  (*Id.* ¶ 8).  The Product is manufactured and produced by Defendant, a Canadian corporation with its principal place of business in Quebec.  (*Id.* ¶ 14).  One side of the Product's packaging contains the representation that the Product contains "Plant-based dog wipes for a quick & gentle clean," as shown here:



(*Id.* ¶ 4).  Another side of the packaging, also reproduced in the Complaint, does not include any "Plant-based" representation:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.



(*Id.* (reading in small print "unscented grooming wipes" with French translation)).

In the papers on the Motion, the parties dispute which of these two sides is the
"front" for purposes of this action.  Plaintiff claims that the first side reproduced above
is the effective "front-facing" panel because, when displayed on store shelves, this first
side is facing the consumer.  (*Id.* ¶ 10).  Therefore the "Plant-based" representation
appears on the "front-facing" panel that consumers see before they buy the Product.
(*Id.* ¶¶ 9-10).  Plaintiff alleges that "studies show that only approximately 7.7% to
11.6% of people even look at the side or back labels of consumer goods, such as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. CV 24-09557-MWF (SKx) | Date: July 16, 2025 |
|---|---|
| Title: Marat Martirosyan v. 9199-4467 Quebec Inc. | |

ingredient lists, before they buy it [sic].” (*Id.* ¶ 29). Therefore, because the side label functions as the front-facing panel based on store displays, Plaintiff's allegation is that consumers are unlikely to see that non-plant-based ingredients are allegedly utilized in the making of the dog wipes. (*Id.* ¶¶ 25-29).

Per Plaintiff's allegations, the dog wipes contain citric acid, caprylyl glycol, glycerin, propylene glycol, sodium citrate, and tocopheryl acetate, which are synthetic ingredients. (*Id.* ¶ 25). These ingredients are included in the ingredients list on the back label of the Product, shown below:



(Declaration of Jahmy S. Graham (“Graham Dec.”) (Docket No. 19-2) Ex. 4).

Plaintiff alleges that the presence of these ingredients renders the “Plant-based” representation false, because a reasonable consumer would expect a “plant-based” product to be made entirely from non-synthetic materials. (*Id.* ¶¶ 22-25). Defendant, on the other hand, argues that the “Plant-based” representation does not cause a reasonable consumer to believe that the product contains “***no other ingredients*** but those derived from plants.” (Motion at 14 (emphasis in original)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

Plaintiff alleges that Defendant knowingly and fraudulently made this misrepresentation to deceive consumers into paying a premium for the Product.  (FAC ¶¶ 18, 68, 76).  This is because consumers value "plant-based" products over products containing synthetic ingredients for various reasons and are willing to pay a price premium for products that are "plant-based."  (*Id.* ¶¶ 15, 17).  However, manufacturers have engaged in deceptive labeling to convince consumers that a product is plant-based to charge a premium, when in reality, the product contains synthetic ingredients.  (*Id.* ¶ 27).  Plaintiff himself alleges he "paid a premium for dog products that are plant-based," and, had he known that there were non-plant-based ingredients in the Product, "he would have purchased it at a substantially lower price."  (*Id.* ¶ 11).

Plaintiff seeks to certify a class that would "consist[] of thousands of purchasers [of the Product] (if not more) dispersed throughout the State of California."  (*Id.* ¶ 37). Plaintiff also seeks punitive damages because "[t]he wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant."  (*Id.* ¶¶ 102, 143).

Based on the foregoing allegations, the FAC brings eight causes of action, for: (1) violation of the California Unfair Competition Law ("UCL"), pursuant to California Business and Professions Code section 17200, *et seq.* (*id.* ¶¶ 45-81); (2) violation of the California False Advertising Law ("FAL"), pursuant to California Business and Professions Code section 17500, *et seq.* (*id.* ¶¶ 82-87); (3) violation of the California Consumers Legal Remedies Act ("CLRA") under California Civil Code section 1750, *et seq.* (*id.* ¶¶ 88-102); (4) breach of express warranty (*id.* ¶¶ 103-07); (5) breach of implied warranty (*id.* ¶¶ 108-16); (6) violation of written warranty under the Magnuson Moss Warranty Act ("MMWA") (*id.* ¶¶ 117-27); (7) violation of implied warranty of merchantability under the MMWA (*id.* ¶¶ 128-37); and (8) restitution based on unjust enrichment (*id.* ¶¶ 138-43).

Defendant seeks to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                          Date:  July 16, 2025

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

## II.   LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## III.   DISCUSSION

Defendant argues that the FAC should be dismissed pursuant to Rule 12(b)(6) because (1) Plaintiff fails to plead his claim with particularity under the heightened fraud standard required by Rule 9(b); (2) Plaintiff does not have standing because he has not pled that he suffered an injury; (3) no reasonable consumer would be deceived by the product labeling; (4) Plaintiff does not plausibly allege that any warranty was breached; (5) as to equitable relief, Plaintiff does not lack an adequate remedy at law; and (6) Plaintiff fails to plausibly allege a claim for punitive damages.  (Motion at 2-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

### A.  Nationwide Class Claims

In the initial Complaint, Plaintiff attempted to bring his claims on behalf of a nationwide class, in addition to a California subclass.  (Complaint ¶ 30).  In the FAC, however, Plaintiff generally foregoes the nationwide class claims, but as Defendant points out, Plaintiff still appears to plead nationwide claims in "Paragraphs 12, 33(a), 33(e), 37, and 110."  (Reply at 1).  To the extent that Plaintiff brings nationwide claims, those claims are dismissed because Plaintiff represented that he no longer wishes to bring such claims.  (*See* Opposition at 2, n.1).  The Court will not dismiss with prejudice claims that Plaintiff is not bringing.

Accordingly, the Motion is **GRANTED** as to Plaintiff's nationwide claims, and those claims are **DISMISSED** *without prejudice*.

### B.  FAL and CLRA Claims

For claims arising under the FAL and CLRA, "the plaintiff must show that reasonable consumers are likely to be deceived by the label."  *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014).  "Whether a reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss."  *Id.*  Here, Plaintiff has plausibly alleged that reasonable consumers are likely to be deceived by the Product's "Plant-based" label.  For the reasons described below, dismissal of Plaintiff's FAL and CLRA claims is inappropriate.  Accordingly, the Motion is **DENIED** as to Plaintiff's claims under the FAL and CLRA.

#### 1.  Particularity

Defendant argues that Plaintiff fails to plead his claims with particularity pursuant to the heightened standard articulated in Rule 9(b).  (Motion at 8).  In support, Defendant claims that it has not been put on notice of its alleged misconduct because Plaintiff does not plead the "'who', 'what', 'when', 'where', [and] 'how'" of the alleged misconduct.  (Reply at 2).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date: July 16, 2025
Title: Marat Martirosyan v. 9199-4467 Quebec Inc.

Defendant cites *Salameh v. Tarsadia Hotel*, 726 F.3d 1124 (9th Cir. 2013), in support of its contention that Plaintiff must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Id.* at 1133 (quoting *Cafasso*, 637 F.3d at 1055).

However, even after the *Salameh* decision, the district court in *Ham* determined that the *Ham* complaint, which closely mirrors the FAC in this case, satisfied Rule 9(b). *Ham*, 70 F. Supp. 3d at 1194. In *Ham*, the plaintiff adequately alleged "(i) the who: Hain; (ii) the what: 'All Natural' labeling on Waffles containing SAPP, a synthetic ingredient . . . ; (iii) the when: purchases made between May 2012 and March 2014 . . . ; (iv) the where: labels on the Waffles . . . ; (v) and the how: purchases made with reasonable reliance on the 'All Natural' statement." *Id.* at 1194-95 (internal citations omitted).

In this case, Plaintiff has adequately alleged: (i) the who: Defendant (FAC ¶ 14); (ii) the what: "Plant-based" label on the Product, which contains non-plant-based ingredients (*id.* ¶¶ 2, 25); (iii) the when: Plaintiff's purchase in July 2024 (*id.* ¶ 8); (iv) the where: on one side of the Product's packaging, examples attached to the FAC (*id.* ¶ 4); and (v) the how: purchases made with reasonable reliance on the "Plant-based" label (*id.* ¶ 22). The Court cannot find any distinguishable reason why the FAC should be dismissed.

At the hearing, Defendant argued that Plaintiff did not allege from which Petco location Plaintiff purchased the Product. Defendant cited no authority in the papers on the Motion for the proposition that Plaintiff needed to allege something more specific than the store name and city. To the extent Defendant argues that his client cannot know of the alleged misconduct unless it knows of the store location, the Court finds this doubtful at best. Defendant has been provided with images of the challenged packaging—unless it is Defendant's contention that its packaging varies from location to location (Defendant makes no such argument), this seems an irrational and unduly heightened standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

Defendant also argues that Plaintiff does not specify which specific type of dog wipe product he bought.  (Motion at 9).  But, as further established in *Ham*, as long as all products involved display the same misrepresentation, then "determining which products are at issue here does not present a challenge."  *Ham*, 70 F. Supp. 3d at 1195. Therefore, as long as the "Plant-based" representation appears on whatever product Plaintiff purchased, then this does not present a reason for dismissal at this stage because Plaintiff's allegations are "specific enough to give defendants notice of the particular misconduct."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Here, Plaintiff has adequately pled which of Defendant's products contain the misrepresentation, where the misrepresentation was on the product, and how the misrepresentation misleads a reasonable consumer.  *Cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (dismissing a complaint because the plaintiff failed to specify when, where, or how an alleged conspiracy occurred); *Bly-Magee*, 236 F.3d at 1018 (dismissing a complaint for lack of particularity because the plaintiff merely pled the following conclusory allegations:  "[the defendant] concealed the fraudulent submission of false claims," and the defendant conspired to "defraud the United States by obtaining payment of fraudulent claims").

Accordingly, the FAC has been pled with sufficient particularity to satisfy Rule 9(b) and place Defendant on notice of its alleged misconduct.

### 2.  Standing

Defendant also argues that Plaintiff lacks Article III standing to bring the FAL, CLRA, and UCL claims because Plaintiff fails to show that he suffered an economic injury.  (Motion at 10).  Defendant argues that in order to properly allege an economic injury, Plaintiff needed to "allege reliance on a misrepresentation when purchasing a product and that they would not have purchased the product but for the misrepresentation."  (*Id.*).  In support, Defendant cites *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323, 120 Cal. Rptr. 3d 741 (2011), in which the California Supreme Court determined that one way to show economic injury from unfair competition is to show that the plaintiff "surrender[ed] in a transaction more . . . than he or she otherwise would have" due to a misrepresentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date:  July 16, 2025

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

This is exactly what Plaintiff has done here.  Plaintiff alleges in the FAC that he "paid a premium for dog products that are plant-based," and had Plaintiff known that there were non-plant-based ingredients in the Product, "he would have purchased it at a substantially lower price."  (FAC ¶ 11).  This allegation, combined with the further allegations that consumers are willing to pay more for products that are labeled "Plant-based" versus those that do not contain the label, is enough to draw the inference that Plaintiff has paid more for the Product than he would have absent the misrepresentation.  (*Id.* ¶¶ 17-18).

Defendant's counterarguments to this straightforward analysis are unavailing.  Defendant argues that because the Product ***actually is*** plant-based, there could be no economic injury from paying the premium.  This, of course, relies on the Court making the initial finding that the "Plant-based" representation on the packaging is true.  For the reasons described below, the Court cannot make such a finding at this stage.

Next, Defendant argues that the "Plant-based" representation does not appear on the front-facing panel of the packaging, and that therefore there is no possibility that the representation ***caused*** any economic injury.  The Court believes it is obvious that, on a Rule 12(b)(6) motion to dismiss, it cannot make a determination which side of a package is displayed in store shelves—that is a quintessential summary judgment or trial issue.  What matters for the purposes of the Motion is that Plaintiff has alleged that consumers encounter the "Plant-based" representation because it faces outward toward them—Plaintiff has sufficiently stated his claim in this regard.

### 3.  Falsity

Defendant further argues that Plaintiff's claims fail under the reasonable consumer test because Plaintiff "failed to plausibly plead 'that a significant portion of the general consuming public . . . could be misled.'"  (Motion at 13 (quoting *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019)).  The heart of Defendant's argument is that the "Plant-based" label was located on the side label, not the "front-panel" of the packaging.  (*Id.* at 4).  Defendant claims that the front label, from which a consumer would pull out a wipe for use, does not contain the "Plant-based" claim and thus, a significant portion of consumers would not be misled because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

reasonable consumers "do not even look at the side [] labels of consumer goods [] before they buy it [sic]." (*Id.* at 3).

Plaintiff argues that the side of the package which contains the "Plant-based" representation, is actually the label that is facing outward toward the consumer when the Product is displayed on the shelves.  (FAC ¶¶ 9-10).  The Plaintiff argues that this makes the side label the "*de facto* front panel at the point of sale." (Opposition at 8).

Most fundamentally, the Court does not believe that this is an issue which is appropriate for resolution on a motion to dismiss, as explained above.

At the hearing, Defendant argued that *Whiteside* established that the front panel is where consumers pull out the wipes, because *Whiteside* concerned baby wipes with similar product packaging.  The Court reiterates that the question of which side is the "front-facing panel" is a question of fact that is not determinable at the motion to dismiss stage.  Defendant would have the Court find that, as a matter of law, a packaging with certain dimensions and features is displayed in a certain fashion. While that might be appropriate in a much more obvious case, it is not appropriate here—there is no side that is so clearly "front-facing" that the Court could make a legal determination on the matter.

Defendant's reliance on *Whiteside* is also misplaced because the case did not determine which side is the front panel as a general matter.  The representation in *Whiteside* was on the side out of which the wipes are pulled. *Id.* at 775.  The plaintiff in that case alleged that that side was the "front" of the packaging *Id.* at 775-76. Therefore, the matter was not actually litigated, and the parties assumed on the basis of the plaintiff's allegations that the side from which the wipes were pulled was the "front."

The Court also cannot overstate how closely the facts of the present case resemble those in *Whiteside*.  There, the plaintiff challenged the defendant's characterization that baby wipes, packaged in a very similar manner, were "plant-based" and for "natural care." *Id.* at 775-76.  In fact, the baby wipes, like the dog wipes here, contained some synthetic ingredients. *Id.* at 776.  The Ninth Circuit found

CIVIL MINUTES—GENERAL                                              11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

in *Whiteside* that in the absence of an asterisk noting further language qualifying a "plant-based" representation, a "plant-based" representation "might lead a reasonable consumer to believe that a product 'is made entirely with' renewable or plant-based materials." *Id.* at 784.

The Court is therefore unconvinced by Defendant's other falsity arguments. Defendant argues that a reasonable consumer would not be misled because "plant-based" can mean "consisting . . . *mainly* of plants." (Motion at 15 (emphasis added)). *Whiteside* does not establish that Defendant's interpretation is implausible by any means, but neither does it stand for the idea that Defendant's interpretation is the only interpretation a reasonable consumer could draw.

At the hearing, Defendant argued that the inclusion of the USDA certification on the back label, which represents that the "wipes' contents is 99% biobased," acts as a qualifier on the "Plant-based" representation. (Graham Dec., Ex. 4). Even if this is interpreted as a qualifier, "a back label that [does] not ***confirm*** what was on the front label [cannot] defeat . . . a pleading stage challenge to the plaintiff's UCL, CRLA, false advertising and warranty claims." *Whiteside*, 108 F.4th at 778 (alteration in original) (emphasis in original) (quoting *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167, 237 Cal. Rptr. 3d 683 (2018)). Put another way, having found that the "Plant-based" representation can be interpreted by a reasonable consumer to mean ***entirely*** plant-based based on the alleged front-facing panel, Defendant cannot take away that representation by reference to the back of the packaging. *Whiteside* so held. *Id.* at 780 (recounting the proposition that a product's back cannot take away what is emphasized on the product's front).

At the hearing, Defendant also argued that Plaintiff omitted key words in the dictionary definitions of "plant-based." For example, Plaintiff claimed that "plant-based" was defined as "[c]onsisting or made completely of plants," according to Cambridge Dictionary, (FAC ¶ 23(a)), but the full definition, as quoted by Defendant, is "[c]onsisting or made completely of plants, **or mainly of plants**," (Motion at 15 (emphasis in original)). For the reasons already described, the Court disagrees. Plaintiff provided the edited dictionary definition to focus the Court's attention on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                     Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

fact that *one* reasonable interpretation of "plant-based" is that a product is made up
only of plants, it is not *the only* reasonable interpretation.

Therefore, Plaintiff has plausibly alleged that Defendant made false and
misleading statements.  Accordingly, the Motion is **DENIED** as to Plaintiff's FAL and
CLRA claims.

### C.   Breach of Warranty Claims

#### 1.  Breach of Express Warranty

For breach of express warranty claims, plaintiffs must show that "(i) the seller's
statements constitute an affirmation of fact or promise or a description of the goods;
(ii) the statement was part of the basis of the bargain; and (iii) the warranty was
breached."  *Ham*, 70 F. Supp. 3d at 1195 (citing *Weinstat v. Dentsply Int'l, Inc.*, 180
Cal. App. 4th 1213, 1227, 103 Cal. Rptr. 3d 614 (2010)).

The crux of Defendant's argument for dismissal of Plaintiff's breach of express
warranty claim is that Plaintiff lacks privity with Defendant.  (Motion at 19).
Defendant cites *Ham*, in which the court dismissed a contract-based claim for lack of
privity because neither the "foodstuffs exception," nor the "warranty exception"
applied to the plaintiff's claim.  *Ham*, 70 F. Supp. 3d at 1196.  The citation to *Ham* is
curious.  There, the district court found that a lack of privity required the dismissal of
the plaintiff's **breach of contract** claim.  *Id.* at 1195-96.  The lack of privity **was not
even mentioned** regarding the plaintiff's warranty-based claims.  *Id.* at 1195.

Moreover, the "warranty exception" clearly applies here.  The warranty
exception generally applies when "the purchaser of a product relied on representations
made by the manufacturer in labels or advertising material," and recovery from the
manufacturer is allowed on the "theory of express warranty without a showing of
privity."  *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954).

Here, Defendant alleges that Plaintiff purchased the Product from a third-party,
Petco.  (Motion at 3).  However, because Plaintiff relied on the express "Plant-based"

---

**CIVIL MINUTES—GENERAL**                                        **13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

representation on the Product which was manufactured by Defendant (FAC ¶ 14), recovery from Defendant is allowed even when the parties are not in privity.

Accordingly, Defendant's argument that Plaintiff's breach of warranty claims should be dismissed due to lack of privity fails.

Defendant also argues that it is unclear which state's law applies in this action, given that Plaintiff purports to represent consumers across the United States. However, as the Court has already found, as Plaintiff acknowledges, and as Defendant argues, Plaintiff is no longer bringing nationwide claims and to the extent he is, they are dismissed.  Accordingly, California law applies.

Finally, Defendant's "Plant-based" representation constitutes an express warranty, which the Court cannot find as a matter of law the express warranty was true. Therefore, dismissal of Plaintiff's express warranty claim is inappropriate for the same reasons as the FAL and CLRA claims addressed above.  *Ham*, 70 F. Supp. 3d at 1195 (denying the defendant's motion to dismiss the plaintiff's breach of express warranty claim because the "All Natural" label constituted an express warranty and the product did not live up to the consumer's expectation because it contained non-natural ingredients).

Based on this analysis, and the determinations regarding privity and falsity, the Court concludes that Plaintiff has plausibly alleged a claim for breach of express warranty at this stage and dismissal of this claim is inappropriate.  Accordingly, the Motion is **DENIED** as to Plaintiff's claim for breach of express warranty.

## 2.  Breach of Implied Warranty

Under California Civil Code section 1791.1, a good must "(1) pass without objection in the trade under the contract description; (2) [be] fit for the ordinary purposes for which those goods are used; (3) [be] adequately contained, packaged, and labeled; and (4) conform to the promises or affirmation of fact made on the container or label."  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).  "A breach of the warranty of merchantability occurs if the product lacks 'even the most basic degree

---

**CIVIL MINUTES—GENERAL**                                        **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date: July 16, 2025

Title: Marat Martirosyan v. 9199-4467 Quebec Inc.

of fitness for ordinary use.'" *Id.* at 958 (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal.
App. 4th 402, 406, 7 Cal. Rptr. 3d 546 (2003)).

Here, Defendant argues that Plaintiff has failed to allege that the Product is not
fit for use of its intended purpose, to wipe or groom dogs. (Motion at 20). Plaintiff, in
turn, argues that a "product may nevertheless be unmerchantable if it lacks the qualities
promised by the seller, even if it technically performs a basic function." (Opposition at
15). Plaintiff cites no authority to support his contention.

The Court determines that Plaintiff has failed to sufficiently plead that the
Product is not fit for use for its intended purpose. In *Birdsong*, the Ninth Circuit
affirmed a dismissal for breach of implied warranty of merchantability. *Birdsong*, 590
F.3d at 962. The Ninth Circuit reasoned that, even though the complaint alleged that
iPods could cause hearing loss when used at a high volume, the iPod still fulfilled its
"ordinary purpose of listening to music." *Id.* at 958-59 ("The plaintiffs do not allege
the iPods failed to do anything they were designed to do nor do they allege that they, or
any others, have suffered or are substantially certain to suffer inevitable hearing loss or
other injury from iPod use.").

Here, Plaintiff does not allege that the Product is incapable of wiping or
grooming a dog and has failed to allege that the dog or the consumer suffered any
physical injury from using the non-plant-based dog wipes.

Accordingly, because Plaintiff has failed to sufficiently allege this claim, the
Motion is **GRANTED** as to Plaintiff's claim for breach of implied warranty.

### 3. MMWA Claims

In regard to Plaintiff's claims for violation of written warranty and implied
warranty of merchantability under the MMWA, Plaintiff fails to meet one of the
requirements laid out in the MMWA. Under 15 U.S.C. § 2310(d)(3), "[n]o claim shall
be cognizable in a suit [under the MMWA] . . . if the action is brought as a class action,
and the number of named plaintiffs is less than one hundred."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

While Plaintiff alleges that the putative class consists of "thousands of purchasers" (FAC ¶ 37), Plaintiff has failed to name one hundred Plaintiffs in his putative class action.  Plaintiff also cannot override the requirement laid out in 15 U.S.C. § 2310(d)(3) using the Class Action Fairness Act ("CAFA").  *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement.").

In *Floyd*, the plaintiff's MMWA claim was dismissed because the plaintiff only named three plaintiffs and the court declined to accept the plaintiff's assertion that "CAFA has impliedly repealed MMWA's numerosity requirements." *Id.* at 1034. Here, Plaintiff has only named one plaintiff, himself.  He therefore has not met the MMWA numerosity requirement.

Accordingly, the Motion is **GRANTED** as to Plaintiff's MMWA claims.  If Plaintiff seeks to bring this claim as a private action, then the Court will allow it for the reasons set forth previously.  However, to the extent that these claims are brought on behalf of the putative class, Plaintiff's claim is not cognizable.

### D.    Unfair Competition Law

The UCL prohibits "unlawful, unfair or fraudulent" business practices.  Cal. Bus. & Prof. Code § 17200.  Here, based on the analysis above, Plaintiff has at least sufficiently alleged a violation of the "unlawful" prong of the UCL.

"Under the UCL's 'unlawful' prong, violations of other laws are 'borrowed' and made independently actionable under the UCL."  *Chong v. Nestle Waters N. Am., Inc.*, No. CV 19-10901-DMG (KSx), 2020 WL 7690175, at *8 (C.D. Cal. Nov. 30, 2020), *aff'd*, No. 20-56373, 2021 WL 4938128 (9th Cir. Oct. 22, 2021).  As established above, Plaintiff has plausibly pled a violation of FAL and CLRA due to the possibly misleading "Plant-based" representation on the Product's packaging.  Therefore, Plaintiff has satisfied the "unlawful" prong as a matter of course.

Accordingly, the Motion is **DENIED** as to Plaintiff's UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date: July 16, 2025
Title: Marat Martirosyan v. 9199-4467 Quebec Inc.

### E.    Unjust Enrichment

Defendant argues that Plaintiff's unjust enrichment claim must be dismissed because "Plaintiff does not plausibly allege an inadequate legal remedy, which is dispositive." (Motion at 22 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA"))). However, *Sonner* is distinguishable because that decision centered on a strategic maneuver by the plaintiff on the eve of trial to seek equitable restitution rather than damages. *Sonner*, 971 F.3d at 837. That is not the case here, where Plaintiff seeks unjust enrichment and restitution from the outset.

Plaintiff also comments on the adequacy of his other legal remedies throughout the FAC. Plaintiff states that "[t]he statutes of limitations for the causes of action pled herein vary" because there are potential class members who purchased the product outside the statute of limitations period. (FAC ¶ 33(a)). Plaintiff then alleges that "the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted." (*Id.* ¶ 33(b)). Plaintiff also alleges that injunctive relief is appropriate in this case because it is "necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm)." (*Id.* ¶ 33(c)).

Additionally, plaintiffs may pursue a claim for equitable relief in the alternative at the pleading stage. *See Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 896-97 (N.D. Cal. Feb. 4, 2022) (collecting cases). "These ruling[s] are consistent with Federal Rule of Civil Procedure Rule 8 which allows for pleading in the alternative." *Id.* at 896; *see also Sagastume v. Psychemedics Corp.*, No. CV 20-06624-DSF (GJSx), 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage.").

Taken as a whole, Plaintiff's FAC sufficiently alleges an unjust enrichment claim because he plausibly alleges that he lacks an adequate remedy at law. Furthermore, incorporating the falsity finding above, Plaintiff has plausibly alleged

---

CIVIL MINUTES—GENERAL                                        17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

that Defendant unjustly retained a benefit through the misleading "Plant-based"
representation.  Accordingly, the Motion is **DENIED** as to Plaintiff's unjust
enrichment claim.

### F.    Plaintiff's Claim for Punitive Damages

Plaintiff seeks punitive damages against Defendant for its alleged "malicious,
oppressive, and/or fraudulent conduct."  (FAC ¶¶ 102, 143, 144).  Both parties cite to
California Civil Code section 3294 in their respective briefs regarding punitive
damages.  The Court is aware of varied approaches in this jurisdiction regarding the
granting or denying of a claim for punitive damages at the motion to dismiss stage.
The Court summarizes two possible approaches below.

The first approach is that a plaintiff "may include a 'short and plain' prayer for
punitive damages that relies entirely on unsupported and conclusory averments of
malice or fraudulent intent" to satisfy the pleading standard for punitive damages.
*Alejandro v. ST Mirco Elecs., Inc.*, 129 F. Supp. 3d 898, 917 (N.D. Cal. 2015) (quoting
*Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015)).

In *Alejandro*, a plaintiff's request for punitive damages survived a motion to
dismiss because the plaintiff claimed that "[d]efendant's actions as set forth in each of
the causes of action above were taken with malice, fraud, or oppression, and in reckless
disregard for Plaintiff's rights."  *Id.*  The *Alejandro* plaintiff alleged that "[s]aid acts
were carried out, authorized and ratified by officers and managing agents acting within
the course and scope of their employment with Defendant."  *Id.*

In contrast, the second approach is presented in *Kelley v. Corrections Corp. of
America*, 750 F. Supp. 2d 1132 (E.D. Cal. 2010), in which another district court
dismissed a plaintiff's claims for punitive damages.  *Id.* at 1148.  The court determined
that the "[p]laintiff's claims for punitive damages are nothing more than conclusory
allegations of 'conscious disregard of [the plaintiff's] rights and with the intent to vex,
injure and annoy [the plaintiff] such as to constitute oppression, fraud or malice.'"  *Id.*
at 1147.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

The Court finds that the decisions following *Kelley* have the better of the
argument.  *Kelley* articulated two compelling arguments in favor of its approach:  (1)
the plausibility standard set forth in *Twombly* and *Iqbal* would bar such general
allegations, and that standard is more akin to well-established California standards for
pleading punitive damages; (2) this standard is more closely aligned with legal
authority establishing that punitive damages are not awarded by right and are reserved
for the clearest cases.  *Kelley*, 750 F. Supp. 2d at 1147.

In *Grimberg v. United Airlines, Inc.*, No. CV 22-08191-MWF (JCx), 2023 WL
2628708 (C.D. Cal. Jan. 10, 2023), this Court followed the *Kelley* court in granting a
motion to dismiss the plaintiffs' claims for punitive damages.  *Grimberg*, 2023 WL
2628708, at *4.  In *Grimberg*, this Court determined that "[the plaintiffs] do not even
specify which of Defendant's employees committed the wrongful acts," and the
plaintiffs' "allegations describe 'nothing more than the basic elements of failure to
accommodate' [the plaintiffs' disability] providing no factual basis to infer malice,
oppression, or fraud."  *Id.*

However, the Court is also aware that information about the executives who may
have acted with fraud, malice, or oppression, is likely in Defendant's exclusive
knowledge.  Therefore, as in *Grimberg*, the Court finds that it is appropriate that the
request for punitive damages be dismissed without prejudice at this stage, with Plaintiff
retaining the ability to amend the FAC at a later time if discovery results in facts which
would allow Plaintiff to bring his request for punitive damages in a plausible and non-
conclusory manner.

Accordingly, the Motion is **GRANTED** as to Plaintiff's request for punitive
damages, and those claims are **DISMISSED** *without prejudice*.

### G.    Leave to Amend

Rule 15 requires that leave to amend "be freely given when justice so requires."
Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."
*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The
Supreme Court identified five factors a court should consider when deciding whether

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-09557-MWF (SKx)                    Date:  July 16, 2025
Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

to grant leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight."  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Here, these factors weigh in favor of amendment.  There is no indication of bad faith, there would be no undue delay, Defendant would not be prejudiced, and Plaintiff has previously amended his complaint only once.

Whether Plaintiff should be granted leave to amend is therefore a question of futility.  As to Plaintiff's MMWA claim, Defendant has not identified a reason why the pleading deficiencies could not be cured through amendment—for example, though perhaps unlikely, one hundred named Plaintiffs could be added, or else the matter could be amended so as not to be a putative class action.  Perhaps improbably, but still possibly, Plaintiff may bring a plausible claim for breach of implied warranty if he can sufficiently allege that the Product could not be used for its intended purposes.

IV.  **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED** *in part with leave to amend*.  The Motion is **DENIED** as to Plaintiff's FAL, CLRA, UCL, breach of express warranty, and unjust enrichment claims.  The Motion is **GRANTED** *with leave to amend* as to Plaintiff's claim for breach of implied warranty and claims under the MMWA.

Plaintiff may file a Second Amended Complaint ("SAC") by no later than **August 11, 2025**.  Defendant shall file an Answer or respond to the SAC, if filed, by no later than **September 1, 2025**.  While there may be a Second Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-09557-MWF (SKx)**                    **Date:  July 16, 2025**

Title:  Marat Martirosyan v. 9199-4467 Quebec Inc.

Complaint, there will be no Third.  Any future successful motion to dismiss will be granted without leave to amend.

Failure to file an SAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations.

IT IS SO ORDERED.